UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

PATRICIA FAJARDO-GUEVARA

CRIMINAL ACTION

NO. 10-151-BAJ-SCR

## RULING AND ORDER

Before the Court is an unopposed *motion in limine* for determination that records qualify as business records under Federal Rule of Evidence 803(6) ("Rule 803(6)"), filed by the Government (doc. 44), made pursuant to Federal Rule of Evidence 104 ("Rule 104"). After due consideration, the Court concludes that exhibits listed below are authentic and are business records within the meaning of Rule 803(6), and, subject to a determination of relevance, are admissible at trial:

1) Sprint/Nextel Communications records associated with cellular phone number 678-786-7821, defendant Patricia Fajardo-Guevara's ("Defendant") cellular telephone, for the period from 3/17/2010 to 5/17/2010.

2) Bank of America records associated with debit card number 4744 7512 0405 3624, attached to savings account number 3340 1454 8283, e-banking account 3340 2877 3604, and checking account 3340 1455 5809 for the period from 12/10/2009 to 6/23/2010 in the name of Defendant.

3) JP Morgan Chase Bank N.A. records associated with checking account 85307336 for the period from 1/1/2010 to 5/17/2010 in the name of Defendant.

## APPLICABLE LAW

Pursuant to Rule 104, "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court." Rule 806(6) provides that the following is not excluded by the hearsay rule, even though the declarant is available as a witness:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

See also *United States v. Iredia*, 866 F.2d 114, 119-20 (5th Cir. 1989) (*citing Coughlin v. Capitol Cement Co.*, 571 F.2d 290 (5th Cir. 1978)).

Based upon the affidavits submitted by the Government (*see* Exhs. "1-3"), the Court must preliminarily determine if "the record was (1) made at or near the time by, or from information transmitted by, a person with knowledge, (2) kept in the course of a regularly conducted business activity, and (3) it was the regular practice of that business activity to make the record." *U.S. v. Ned*, 637 F.3d 562, 569 (5th Cir. 2011); see Rule 803(6). The Court has broad discretion to

2

determine the admissibility of business records and will be reversed on appeal only for abuse of that discretion. *See U.S. v. Parsee,* 178 F.3d 374, 380 (5th Cir. 1999).

Federal Rule of Evidence 902(11) ("Rule 902(11)") provides for the admissibility of a business record that would be admissible under Rule 803(6) when it is accompanied by a certification from a custodian or other qualified person that the record "(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) was kept in the course of the regularly conducted activity; and (C) was made by the regularly conducted activity as a regular practice." Rule 902(11); Rule 803(6). Therefore, the authenticity of business records under Rule 803(6) in this case may be established through certifications obtained from the respective custodians of records.

## DISCUSSION

The Government asserts that United States Exhibits 1-3, Rule 902(11) certifications from a custodian of the records for each institution that has records to be admitted, "attest to the foundational requirements of Rules 803(6) and 902(11)" (doc. 44-1, p. 6; U.S. Exhs. 1-3).[1]

---

[1] 902(11) certifications are nontestimonial and do not implicate the Confrontation Clause. As noted by the Government, "the admissibility of business records under Rule 803(6), and the procedure set forth in Rule 104 for determination of the preliminary questions regarding admissibility, are unaffected by the Supreme Court's decision in *Crawford v. Washingtion*, 541 U.S. 36 (2004)" (doc. 44-1, p. 4). The Fifth Circuit has held that "after *Crawford*, business records are not testimonial in nature and their admission at trial is not a violation of the Confrontation Clause." *U.S. v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007). *See also Melendez-*

**Sprint/Nextel Communications Records**

The Government seeks to admit Sprint/Nextel Communications cellular telephone records, including Defendant's call records, cell site locations, and direct connect reports through the affidavit of Felicia Rhyne ("Rhyne"), the records custodian. (Doc. 44-1, p. 6; U.S. Ex. 1). In her affidavit, Rhyne certifies that the three requirements of Rules 803(6) and 902(11) (that the records were: (A) made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters; (B) kept in the course of the regularly conducted activity; and (C) were made by the regularly conducted business activity as a regular practice) have been met (U.S. Ex. 1; doc. 44-1, p. 6). Accordingly, the Court finds that Rhyne's affidavit satisfies the foundational requirements set by Rules 803(6) and 902(11), and, therefore, the Sprint/Nextel Communications cellular telephone records are admissible.

**Bank of America Records**

The Government seeks to admit Bank of America financial records, including statements connected to Defendant's checking, savings, and debit card accounts through the affidavit of Darrine Alexandre ("Alexandre"), the records custodian. (Doc. 44-1, p. 7; U.S. Ex. 2). In her affidavit, Alexandre certifies that

---

*Diaz v. Mass.*, 129 S.Ct. 2527, 2539-40 (2009) (noting that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because-having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial-they are not testimonial.").

the three requirements of 803(6) and 902(11) have been met (U.S. Ex. "2"; doc. 44-1, p. 7). Accordingly, the Court finds that Alexandre's affidavit satisfies the foundational requirements set by Rules 803(6) and 902(11), and, therefore, the Bank of America banking records are admissible.

**JP Morgan Chase Bank**

The Government seeks to admit JP Morgan Chase Bank financial records, including statements connected to Defendant's checking and her personal savings card through the affidavit of Barbara Montgomery ("Montgomery"), the records custodian. (Doc. 44-1, p. 7; U.S. Ex. 3). In her affidavit, Montgomery certifies that the three requirements of 803(6) and 902(11) have been met (U.S. Ex. 3; doc. 44-1, p. 7). The Court finds that Montgomery's affidavit satisfies the foundational requirements set by Rules 803(6) and 902(11), and, therefore, the JP Morgan Chase Bank banking records are admissible.

## CONCLUSION

Accordingly, after a review of the affidavits submitted to the Court, the Court concludes that U.S. Exhibits 1-3 are records of regularly conducted business activity which were made at or near the time of the activity by, or from information transmitted by, persons with knowledge; the records were kept in the course of the regularly conducted business activity; and it was the regular practice of the business to make these records.

**IT IS HEREBY ORDERED** that the Government is not required to call the aforementioned witnesses to testify at the trial in this matter.

Baton Rouge, Louisiana, November 30, 2011.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA